OPINION *Page 2 
{¶ 1} Defendant-appellant Leon Frazier appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of possession of cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 1, 2004, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11(A)(C)(4)(a), a felony of the fifth degree. At his arraignment on November 24, 2004, appellant entered a plea of not guilty to the charge.
 {¶ 3} Subsequently, a jury trial commenced on April 5, 2006. At trial, Officer Michael Walker of the Canton Police Department testified that he was in uniform in a marked cruiser with Officer Michael Lombardi on September 5, 2004, when the two responded to a "trouble call" at 2045 Third Street, N.E. Transcript at 144. Once the two officers approached the house at such address, they knocked on the door and were greeted by the homeowner. According to Officer Walker, the homeowner told them that appellant was inside the house, was becoming agitated, and was stabbing at different inanimate objects, including the furniture, with a knife.
 {¶ 4} The two officers then entered the house and Officer Walker went to the foot of the stairs and yelled for appellant to come down. The following is an excerpt from Officer Walker's testimony:
 {¶ 5} "As I was walking to the foot of the steps, I looked up the steps; and he had already got to the top of the steps. *Page 3 
 {¶ 6} "When he was there, he didn't see me because it was kind of like he got there first, he was putting something down on some boxes that were at the top of the steps. He then looked up and saw me, and he just continued down the steps.
 {¶ 7} "I passed him going up the steps. I wanted to see what he had then put down. When he got downstairs, my partner spoke with him. I went to the top where the boxes were where he had dropped something, and what he had sat down was a pipe that I retrieved." Transcript at 147-148.
 {¶ 8} The pipe, which Officer Walker testified appeared to be a crack pipe, was taken into evidence. Appellant was then arrested. During a pat-down search of appellant's person, the officers discovered a pill bottle in one of appellant's front pockets. Officer Walker testified that the bottle appeared to contain rocks of crack cocaine.
 {¶ 9} Officer Michael Lombardi also testified at trial. Officer Lombardi testified on cross-examination that appellant said the pills in the bottle were "his medicine." Transcript at 180. When asked how appellant appeared to him, Officer Lombardi testified that appellant appeared "a little odd. I mean, just didn't seem right that day. . . . A little off." Transcript at 180.
 {¶ 10} At trial, Jay Spencer of the Canton-Stark County Crime Lab testified that the pipe tested positive for crack cocaine. He further testified that, when tested, the contents of the pill bottle were found to contain six pieces of crack cocaine weighing .94 grams.
 {¶ 11} Subsequently, on April 6, 2006, the jury found appellant guilty of one count of possession of cocaine. As memorialized in an entry filed on April 13, 2006, appellant *Page 4 
was sentenced to eleven (11) months in prison. In addition, appellant's driver's license was suspended for eleven (11) months.
 {¶ 12} Appellant now raises the following assignment of error on appeal:
 {¶ 13} "THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF POSSESSION OF COCAINE AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 14} Appellant, in his sole assignment of error, argues that his conviction for possession of cocaine was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. The granting of a new trial "should be exercised *Page 5 
only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 16} Appellant was convicted of one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), which provides as follows:
 {¶ 17} "(A) No person shall knowingly obtain, possess, or use a controlled substance. * * *
 {¶ 18} "(C) Whoever violates division (A) of this section is guilty of one of the following: * * *
 {¶ 19} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 20} "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 21} Appellant specifically contends that there was insufficient evidence that he knowingly possessed cocaine. Appellant notes that, on the day in question, he was walking around stabbing inanimate objects and there was testimony that he appeared a "little off" and a "little odd." According to appellant, such testimony demonstrates that appellant's "mental state was of such a nature that he did not fully comprehend that he was actually in possession of contraband." *Page 6 
 {¶ 22} The culpable mental state of "knowingly" is defined as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 23} "[W]hether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v.Huff (2001), 145 Ohio App.3d 555, 563, 763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v.McDaniel (May 1, 1998), Montgomery App. No. 16221, 1998 WL 214606 at 7, citing State v. Elliott (1995), 104 Ohio App.3d 812, 663 N.E.2d 412.
 {¶ 24} Upon our review of the record, we find that appellant's conviction for possession of cocaine was not against the sufficiency of the evidence because, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant knowingly possessed cocaine. Testimony was adduced at trial that, when appellant was asked to come down the stairs, he placed the pipe, which was later determined to contain traces of cocaine, on boxes at the top of the steps before coming downstairs. In addition, testimony was adduced that appellant told the officers that the pill bottle in his pocket contained "medicine". Both actions are evidence that appellant knew that he possessed cocaine and that the same was a crime. *Page 7 
 {¶ 25} Moreover, upon review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of possession of cocaine.
 {¶ 26} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J. Farmer, P.J. and Wise, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1